THE SKLAVOS LAW
GROUP, P.C

**Alexander E. Sklavos, Esq**
aes@sklavoslaw.com

September 18, 2026

**VIA ECF** (filed in both dockets below)

The Honorable Sanket J. Bulsara
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza Central Islip, New York 11722

**Re:** *Dupont Smiles Family & Cosmetic Dentistry, PLLC, et al. v. MMP Capital, LLC*, No. 2:26-cv-03894 (E.D.N.Y.); *MMP Capital, LLC v. Dupont Smiles Family & Cosmetic Dentistry, PLLC, et al.*, No. 2:26-cv-03330 (E.D.N.Y.)

Dear Judge Bulsara:

This office represents MMP Capital, LLC ("MMP") and submits this letter pursuant to the Court's September 3, 2026 Order addressing the MMP Equipment Finance Agreement ("EFA") forum-selection clause. MMP's position is as follows:

1. The EFA forum-selection clause is valid and enforceable. It commits any action to Nassau County, New York. Because no federal court sits in Nassau County, that commitment is honored in the Supreme Court of the State of New York, Nassau County. The Dupont Parties are not left without a remedy, they have a clear and available forum and the clause is not invalidated in its entirety.
2. In No. 2:26-cv-03894, the correct disposition is dismissal without prejudice so the action may proceed in Nassau County Supreme Court. This Court cannot exercise jurisdiction over a matter the parties committed to Nassau County, and it cannot transfer the case to the District of Columbia.
3. In No. 2:26-cv-03330, MMP does not oppose remand of its collection action to the Supreme Court of the State of New York, Nassau County.

**I. This Court sits in Suffolk County, and no federal court sits in Nassau County.**

At the September 3, 2026 hearing, the Court confirmed on the record that this Court sits in Central Islip, Suffolk County. There is no federal court in Nassau County. That fact does not mean the parties failed to designate a forum. They designated Nassau County, and the only court sitting there is the New York Supreme Court. The consequence is jurisdictional: this Court cannot entertain a dispute the parties agreed to litigate in Nassau County, and the proper course is dismissal so the action may proceed in the forum the parties chose.

**II. The forum-selection clause is valid; the absence of a federal courthouse in Nassau**

375 North Broadway, Suite 104A
Jericho, NY 11753
(516) 248-4000

**Alexander E. Sklavos, Esq**
aes@sklavoslaw.com

**County does not void it.**

The EFA provides that "the state and federal courts sitting in Nassau County, New York, shall have the exclusive jurisdiction over any action or proceeding to enforce this [agreement] or any action or proceeding arising under this [agreement]." (Memorandum Opinion and Order of United States District Judge Amir H. Ali at 3) The EFA is governed by New York law. (Memorandum Opinion and Order at 6) The District of Columbia has already held this very clause valid and mandatory, concluding it "requires that litigation proceed in a specific forum," and transferred the claims against MMP to this Court. (Memorandum Opinion and Order at 3; Memorandum Opinion and Order at 7) No argument was made of any fraud, mistake, or infirmity specific to the forum-selection clause itself, and the language of the clause was never addressed. (Memorandum Opinion and Order at 4; Memorandum Opinion and Order at 5)
A mandatory forum-selection clause is "presumptively enforceable" once it was reasonably communicated to the resisting party, is mandatory, and covers the claims and parties; the burden then rests on the resisting party to show that "enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." (Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc., 952 F. Supp. 2d 542 (S.D.N.Y. 2013); Meet Recruitment Inc. v. Neuro42, Inc., 786 F. Supp. 3d 856 (S.D.N.Y. 2025)) That burden cannot be carried here.The absence of a federal courthouse in Nassau County does not void the clause. The Second Circuit confronted the identical circumstance in (Yakin v. Tyler Hill Corp., 566 F.3d 72 (2d Cir. 2009)) where a clause fixed litigation in Nassau County even though the federal courthouse had relocated out of the county before suit. The court held that "a reasonable person" would "necessarily conclude that the parties intended that litigation take place in an appropriate venue in Nassau County and that this commitment was not conditioned on the existence of a federal courthouse in that county." (Yakin v. Tyler Hill Corp., 566 F.3d 72 (2d Cir. 2009) Because forum-selection clauses "are prima facie valid and should be enforced," the court gave effect to the commitment to Nassau County, enforcing the clause through the only court sitting there rather than voiding it. (Yakin v. Tyler Hill Corp., 566 F.3d 72 (2d Cir. 2009)
The reference to both "state and federal" courts does not change the result. Where a clause separately addresses jurisdiction and venue, courts enforce the portion that is textually clear and decline to void the whole. In (Barannikov v. ITG Commc'ns, LLC, 818 F. Supp. 3d 469 (E.D.N.Y. 2026)), the court confronted a "divisible" clause that fixed mandatory jurisdiction in one state's courts while naming a court that did not exist. (Barannikov v. ITG Commc'ns, LLC, 818 F. Supp. 3d 469 (E.D.N.Y. 2026)) It enforced the unambiguous mandatory-jurisdiction provision and dismissed so the plaintiff could refile in the correct court, holding the impossibility in one portion "does not defeat" the clear, enforceable portion. (Barannikov v. ITG Commc'ns, LLC, 818 F. Supp. 3d 469 (E.D.N.Y. 2026)) The court read (Yakin v. Tyler Hill Corp., 566 F.3d 72 (2d Cir. 2009) as "implicit support" for this approach: the Second Circuit "effectively enforced the part of the forum-selection clause which was textually clear while refusing to extend or infer the rest," affirming that the case proceed in Nassau County Supreme Court "since there was no federal court in Nassau County." (Barannikov v. ITG Commc'ns, LLC, 818 F. Supp. 3d 469 (E.D.N.Y. 2026))
The same result follows here. The clause's operative, mandatory command is exclusive jurisdiction in Nassau County. The reference to a Nassau County "federal" court identifies a forum that does not exist; that surplus reference is severable and cannot nullify the parties' plain commitment to Nassau County. Reading the clause to reach the one court that does sit in Nassau County, the State Supreme Court, gives effect to the parties' bargain. Even construing the clause against its drafter does not mean voiding it, but enforcing the available forum the clause identifies. There is a clear path, and the counterparty is not deprived of a remedy.

**III. In Docket No. 2:26-cv-03894, dismissal without prejudice, not transfer to the District of**

375 North Broadway, Suite 104A
Jericho, NY 11753
(516) 248-4000

**Alexander E. Sklavos, Esq**
aes@sklavoslaw.com

**Columbia, is the correct remedy.**

Dismissal without prejudice is the legally correct disposition. The appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens. (Monroe Staffing Servs., LLC v. Whitaker, No. 20CV1716GBDBCM, 2022 WL 684714 (S.D.N.Y. Mar. 7, 2022)) Section 1404(a) is merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system. ((Monroe Staffing Servs., LLC v. Whitaker, No. 20CV1716GBDBCM, 2022 WL 684714 (S.D.N.Y. Mar. 7, 2022)) A clause designating a non-federal forum is therefore enforced "through a motion to dismiss for forum non conveniens," and the case is "dismissed without prejudice." ((Monroe Staffing Servs., LLC v. Whitaker, No. 20CV1716GBDBCM, 2022 WL 684714 (S.D.N.Y. Mar. 7, 2022); Meet Recruitment Inc. v. Neuro42, Inc., 786 F. Supp. 3d 856 (S.D.N.Y. 2025))

Because this clause points to a state forum, Nassau County Supreme Court, and no federal court sits in Nassau County, this Court cannot retain the action, and transfer to the District of Columbia under §§ 1404 and 1406 is not available to enforce the clause. A federal court cannot transfer a case to a state court. The mechanism that respects the clause and preserves access to the bargained-for forum is dismissal without prejudice, permitting the action to be refiled in Nassau County Supreme Court. (GMAC Com. Credit, LLC v. Dillard Dep't Stores, Inc., 198 F.R.D. 402 (S.D.N.Y. 2001); Meet Recruitment Inc. v. Neuro42, Inc., 786 F. Supp. 3d 856 (S.D.N.Y. 2025))

Nor do public-interest factors defeat the clause. The District of Columbia already weighed and rejected that contention, finding this was not "the rare, unusual, or uncommon case in which the public-interest factors defeat a forum-selection clause," even accounting for the burden of related litigation in more than one place. (Memorandum Opinion and Order at 6) The existence of different forum-selection clauses in separate agreements does not license rewriting MMP's clause; each contract's chosen forum is enforced on its own terms. (Memorandum Opinion and Order at 6) Enforcing the MMP clause in Nassau County in fact *consolidates* the two MMP–Dupont actions in a single forum rather than fragmenting them.

**IV. In Docket No. 2:26-cv-03330, MMP consents to remand to Nassau County Supreme Court; the first-filed doctrine does not require dismissal.**

MMP commenced its collection action in the Supreme Court of the State of New York, Nassau County. MMP does not oppose remanding that action to the Supreme Court, Nassau County, the very forum the EFA designates. Remand returns the collection dispute to the parties' contractual forum without the drastic step of dismissal.

The first-filed doctrine does not compel a different outcome. It "does not constitute an invariable mandate"; it is only a rebuttable "presumption," subject to two recognized exceptions, balance of convenience and special circumstances. (Emps. Ins. Of Wausau v. Fox Ent. Grp, Inc. 522F.3d 271 (2d Cir. 2008)) It is not to be applied in a rigid or mechanical way, and is quite commonly overcome where circumstances warrant. (Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc., 666 F. Supp. 2d 366 (S.D.N.Y. 2009)) A valid mandatory forum-selection clause is such a circumstance: where a clause "unequivocally requires the parties to litigate any dispute" in the designated forum, an effort to dismiss the action "in favor of the [Virginia] Action must fail." (Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc., 666 F. Supp. 2d 366 (S.D.N.Y. 2009)) The doctrine's core concerns, duplication and inconsistent rulings, are best answered not by dismissal but by remanding this action to the forum the parties selected: Nassau County Supreme Court.

**Conclusion**

MMP respectfully requests that the Court (1) in No. 2:26-cv-03894, dismiss the claims against MMP without prejudice so the action may be refiled in the Supreme Court of the State of New York, Nassau County, and not transfer the action to the District of Columbia; and (2) in No. 2:26-

375 North Broadway, Suite 104A
Jericho, NY 11753
(516) 248-4000

cv-03330, remand MMP's collection action to the Supreme Court of the State of New York, Nassau County, to which MMP consents.

Respectfully submitted,

*/s/ Alexander E. Sklavos*

Alexander E. Sklavos, Esq.
THE SKLAVOS LAW GROUP, P.C.
*Counsel for MMP Capital, LLC*
375 N. Broadway, Suite 104A
Jericho, NY 11753
cc: All counsel of record (via ECF)

**Alexander E. Sklavos, Esq**
aes@sklavoslaw.com

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(c)**

Pursuant to Local Civil Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York, the undersigned certifies that the foregoing letter complies with the word-count limitation (2,000 words) set forth in the Court's September 3, 2026 Minute Order. This total excludes the parts exempted by Local Civil Rule 7.1(c), including the caption, the RE line, the salutation, the signature block, and this certificate.

/s/ Alexander E. Sklavos

Alexander E. Sklavos, Esq.

375 North Broadway, Suite 104A
Jericho, NY 11753
(516) 248-4000