**Lars Liebeler PC**

Law Offices

Lars H. Liebeler
Direct: 703.216.2120
LLiebeler@LHL-LawFirm.com

900 7th Street, N.W.
Suite 725
Washington, DC 20001

September 18, 2026

**VIA ECF (filed in both dockets below)**

The Honorable Sanket J. Bulsara
United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: Dupont Smiles Family & Cosmetic Dentistry, PLLC, et al. v. MMP Capital, LLC, No. 2:26-cv-03894 (E.D.N.Y.);**

**MMP Capital, LLC v. Dupont Smiles Family & Cosmetic Dentistry, PLLC, et al., No. 2:26-cv-03330 (E.D.N.Y.)**

**Request for Leave to File a Supplemental Letter Not to Exceed 800 Words, Specifically Responding to One MMP Case Citation**

Dear Judge Bulsara:

The Dupont Parties respectfully request leave to file this letter (not to exceed 800 words), to respond to one item raised in MMP's September 17, 2026 letter (filed at 11:26 p.m., nearly five hours after the Dupont Parties' submission earlier that same day).[1] The Court's September 3, 2026 Order contemplated simultaneous letters from each side; because MMP's submission followed the Dupont Parties' by several hours, MMP had the opportunity to review and respond to the Dupont Parties' letter, including its arguments and authorities, before finalizing its own. The Dupont Parties do not ask to relitigate the full letter or to respond to every point in MMP's submission. We ask only for the opportunity to address one authority – *Barannikov v. ITG Commc'ns, LLC*, 818 F. Supp. 3d 469 (E.D.N.Y. 2026) – that MMP cited for the first time in its

[1] Plaintiffs' counsel requested MMP's consent to this filing prior to submission; MMP's counsel declined to consent.

September 17 letter. MMP's letter characterizes the case in a manner the full opinion does not support.

**<u>*Barannikov* Does Not Support Severing the EFA's "Federal" Reference</u>**

MMP's letter cites *Barannikov* for the proposition that a forum-selection clause's impossible portion is severable from its enforceable portion, and that MMP's EFA's clause should accordingly be read to enforce only its reference to "the state . . . courts sitting in Nassau County," treating the word "federal" as surplus. The actual holding in *Barannikov* does not reach or support that result.

The clause in *Barannikov* contained two grammatically separate sentences addressing two distinct questions: a jurisdiction sentence ("Jurisdiction . . . shall be solely in the Courts of Tennessee having competent jurisdiction") and a separate venue sentence naming a specific, non-existent courthouse ("with venue located in the Court of Common Pleas for Sumner County"). Judge Cogan expressly held that the clause "serves two clearly delineated purposes," and that the jurisdiction sentence was not ambiguous standing alone: it committed the parties, unconditionally, to the state courts of Tennessee, to the exclusion of every other court, federal or state. *Barannikov*, 818 F. Supp. 3d at 470–71. Because that jurisdictional commitment was complete and self-sufficient without reference to the erroneous venue language that followed it, the venue defect could be severed and left for the Tennessee court to resolve under Tennessee law, without disturbing the jurisdictional holding at all. *Id*. at 471. Judge Cogan was careful to note the narrowness of this result: "The Second Circuit apparently has not considered a 'divisible' forum-selection clause like the one presented – that is, one which provides separately for jurisdiction and venue." *Id*. at 471 n.3.

The MMP EFA's clause is different. It does not contain a separate, self-sufficient jurisdictional sentence that survives on its own once the word "federal" is removed. Instead, a single, unified phrase – "the state and federal courts sitting in Nassau County" – conjoins two mutually exclusive jurisdictional types within one clause, addressing sovereign and location simultaneously rather than separately. Deleting "federal" from that phrase does not correct a misnamed venue within an already-settled jurisdictional choice, as *Barannikov* did; it resolves, for the parties, a jurisdictional choice the contract itself never made. That is the kind of substantive rewriting *Barannikov's* own reasoning avoids, and it falls squarely within the

category of "divisible" clause that Judge Cogan expressly identified as unaddressed by controlling authority, including *Yakin*.

*Barannikov's* own reading of *Yakin* confirms the distinction. Judge Cogan described the *Yakin* clause as one that "merely contain[ed] obligatory venue language . . . convey[ed] nothing about the parties' intent as to jurisdiction" – that is, a clause silent on the state-or-federal question, not one conjunctively naming both. *Id*. at 471 n.3 (*quoting Yakin*, 566 F.3d at 76). Neither *Barannikov* nor *Yakin* involved a clause expressly designating both state and federal jurisdiction together, as the MMP EFA does here. Designating both state ***and*** federal court as the "exclusive" jurisdiction means the clause is a "null set" and therefore invalid.

MMP's own contemporaneous practice confirms the point: the materially different clause MMP used for other borrowers in the same period (2022) designates "the state courts sitting in Nassau County, New York, or any federal court having jurisdiction over Nassau County, New York" – disjunctive language, using "or," when MMP in fact intended state and federal courts to function as alternatives. *See* Dupont Parties' Letter of September 17, 2026, at 3 (*citing Kranitz v. BTL Industries, Inc*., No. 2:26-cv-02649 (E.D.N.Y., Matsumoto, J.), ECF No. 61-2, Ex. 1). The EFA's use of the conjunctive "and" in Dr. Izadi's agreement, rather than the disjunctive "or" MMP used elsewhere, is further confirmation that the defect here is not the kind of clean, mechanical error *Barannikov* addressed.

The Dupont Parties respectfully submit that *Barannikov* accordingly provides no basis for the severance MMP proposes, and that the Court should continue to evaluate the EFA's clause under the framework set out in the Dupont Parties' September 17 letter.

Respectfully submitted,

/s/ *Lars H. Liebeler*

Lars H. Liebeler, Esq.
Counsel for the Dupont Parties

cc: All counsel of record (via ECF)

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(c)**

Pursuant to Local Civil Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York, the undersigned counsel for the Dupont Parties hereby represents that it has requested leave to file this Supplemental Letter not exceeding 800 words, and subject to the Court's grant of leave to file, undersigned counsel makes the following representation:

1. According to the word count feature of the word-processing system (Microsoft Word for Mac, v. 16.112.2; Tools / Word Count) used to prepare this document, the total number of words in the brief—including all text in the body of the brief and all footnote is 796 words.
2. This total excludes the parts of the Letter / Brief exempted by Local Civil Rule 7.1(c), which include the caption, RE line information, salutation, signature blocks, and this certificate.

Respectfully submitted,

/s/ *Lars H. Liebeler*

Lars H. Liebeler, Esq.