**Lars Liebeler PC**

Law Offices

Lars H. Liebeler
Direct: 703.216.2120
LLiebeler@LHL-LawFirm.com

900 7th Street, N.W.
Suite 725
Washington, DC 20001

September 22, 2026

**VIA ECF (filed in both dockets below)**

The Honorable Sanket J. Bulsara
United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Re: Dupont Smiles Family & Cosmetic Dentistry, PLLC, et al. v. MMP Capital, LLC, No. 2:26-cv-03894 (E.D.N.Y.);**

**MMP Capital, LLC v. Dupont Smiles Family & Cosmetic Dentistry, PLLC, et al., No. 2:26-cv-03330 (E.D.N.Y.)**

**Supplemental Letter per Court's Order Dated September 17, 2026**

Dear Judge Bulsara:

MMP Capital's September 17 letter cites *Barannikov v. ITG Commc'ns, LLC*, 818 F. Supp. 3d 469 (E.D.N.Y. 2026) for the proposition that a forum-selection clause's impossible portion is severable from its enforceable portion. MMP argues that the venue clause in its EFA should accordingly be read to enforce only its reference to "the state . . . courts sitting in Nassau County," treating the word "federal" as surplus. The actual holding in *Barannikov* does not reach or support that result.

The clause in *Barannikov* contained two grammatically separate sentences addressing two distinct questions: a jurisdiction sentence ("Jurisdiction . . . shall be solely in the Courts of Tennessee having competent jurisdiction") and a separate venue sentence naming a specific, non-existent courthouse in Tennessee ("with venue located in the Court of Common Pleas for Sumner County"). Judge Cogan held that the clause "serves two clearly delineated purposes." The jurisdiction sentence was not ambiguous: it committed the parties, unconditionally, to the

state courts of Tennessee, to the exclusion of every other court, federal or state. *Barannikov*, 818 F. Supp. 3d at 470–71. The separate venue clause, however, was defective. But, because the jurisdictional commitment was complete and self-sufficient standing alone, the venue defect could be severed and left for the Tennessee court to resolve, without disturbing the jurisdictional holding. *Id*. at 471. Judge Cogan was careful to note the narrowness of this result: "The Second Circuit apparently has not considered a 'divisible' forum-selection clause like the one presented – that is, one which provides separately for jurisdiction and venue." *Id*. at 471 n.3.

The MMP forum selection clause here is different than the clause Judge Cogan construed in *Barannikov*. It does not contain a separate, self-sufficient jurisdictional sentence that survives on its own once the word "federal" is removed. Instead, a single, unified phrase – "the state and federal courts sitting in Nassau County" – conjoins two mutually exclusive jurisdictional types within one clause, addressing sovereign and location simultaneously rather than separately. Deleting "federal" from that phrase does not correct a misnamed venue within an already-settled jurisdictional choice, as *Barannikov* did; instead, it resolves a jurisdictional choice the contract itself never made. MMP is misreading *Barannikov* to suggest that the Court engage in the kind of substantive rewriting *Barannikov's* own reasoning avoids. Rewriting the MMP EFA to exclude the word "federal" falls squarely within the category of "divisible" that Judge Cogan expressly identified as unaddressed by controlling authority, including *Yakin*.

*Barannikov's* own reading of *Yakin* confirms the distinction. Judge Cogan described the *Yakin* clause as one that "merely contain[ed] obligatory venue language . . . convey[ed] nothing about the parties' intent as to jurisdiction" – that is, a clause silent on the state-or-federal question, not one conjunctively naming both. *Id*. at 471 n.3 (*quoting Yakin*, 566 F.3d at 76). Neither *Barannikov* nor *Yakin* involved a clause expressly designating both state and federal jurisdiction together, as the MMP EFA does here. Designating both state ***and*** federal court as the "exclusive" jurisdiction means the clause is a "null set" and therefore invalid.

MMP's own contemporaneous practice confirms the point: the materially different clause MMP used for at least one other borrower in the same period (2022) designates "the state courts sitting in Nassau County, New York, or any federal court having jurisdiction over Nassau County, New York." That clause used the disjunctive ("or") when MMP in fact intended state and federal courts to function as alternatives. *See* Dupont Parties' Letter of September 17, 2026,

at 3 (*citing Kranitz v. BTL Industries, Inc*., No. 2:26-cv-02649 (E.D.N.Y., Matsumoto, J.), ECF No. 61-2, Ex. 1). The EFA's use of the conjunctive ("and") in Dr. Izadi's agreement is further confirmation that the defect here is not the kind of clean, mechanical error *Barannikov* addressed.[1] If this Court were to dismiss the Dupont Smiles' complaint, it would essentially be rewriting the parties agreement to expunge the word "federal" which is not a result flowing from either *Yakin* or *Barannikov.*

Respectfully submitted,

/s/ *Lars H. Liebeler*
Lars H. Liebeler, Esq.
Counsel for the Dupont Parties

cc: All counsel of record (via ECF)

---

[1] In contrast to the *Kranitz* case, however, MMP has continued to file collection cases against dental and med-spa practices in Nassau County in reliance on the same defective clause used here ("state and federal courts sitting in Nassau County"). Per public records from NYSCEF, from September 4 through September 18, MMP filed six new collection cases in Nassau County where BTL is identified as the equipment provider. Each clause also includes its boilerplate warning that "[y]ou acknowledge the jurisdiction may change at the sole discretion of MMP CAPITAL, LLC's successors and/or assigns." This inconsistent, inartful, and adhesive drafting further supports the proposition that the venue clause should be construed against MMP.

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(c)**

Pursuant to Local Civil Rule 7.1(c) of the United States District Courts for the Southern and Eastern Districts of New York, the undersigned counsel for the Dupont Parties hereby represents that it has requested leave to file this Supplemental Letter not exceeding 800 words, and subject to the Court's grant of leave to file, undersigned counsel makes the following representation:

1. According to the word count feature of the word-processing system (Microsoft Word for Mac, v. 16.112.2; Tools / Word Count) used to prepare this document, the total number of words in the brief—including all text in the body of the brief and all footnote is 768 words.

2. This total excludes the parts of the Letter / Brief exempted by Local Civil Rule 7.1(c), which include the caption, RE line information, salutation, signature blocks, and this certificate.

Respectfully submitted,

/s/ *Lars H. Liebeler*

Lars H. Liebeler, Esq.